CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Roanoke
JUL 0 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MAURICE PRESTON SCOTT, <br> Plaintiff, | ) <br> ) Civil Action No. 7:06cv000369 <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| SUSSEX STATE PRISON, et al. <br> Defendants. | ) By: Hon. Jackson L. Kiser <br> ) Senior United States District Judge |

Plaintiff Maurice Preston Scott, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Scott alleges that the since his incarceration the defendants have violated his constitutional rights by conducting improper medical examinations and by dispensing his medication in an unsafe manner; by twice dropping his lunch tray on the floor and on one instance denying him his evening meal; by removing his personal items from his cell without following proper procedure; by housing him in the segregation unit for three weeks and then placing him in the general population unit with a smoking inmate for fifteen days, even though he was a nonsmoker; and by utilizing a water distribution system which allows rust to develop on the inside of pipes. Scott makes no specific request for relief. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Scott alleges that institutional staff are dispensing medication in an unsafe manner because nurses have distributed his medication to him without first checking his ID badge

number and have provide prescribed medication to Scott already dissolved in a cup of water. Scott believes that because the medication is added to the water outside of his presence he may have been mistakenly given another inmate's medication. Scott also complains that institutional medical personnel are conducting improper exams because inmates are forced to initially discuss their medical complaints with nurses while remaining in their cell; thus, the nurse cannot conduct a proper physical examination. However, he concedes that when he has been examined at his cell, and a nurse determined further evaluation was necessary, the nurse was able to check his vital signs by merely having Scott extend his arm through the tray slot. Scott also alleges that some examinations have been improper because when "rubbing [his] arm to take blood" the nurse did not wear a pair of gloves.

Additionally, Scott complains that on two instances a correctional officer dropped his lunch tray on the floor, on another occasion he was denied his evening meal, and that cleaning items are passed through the same slot as food items, but he does not allege that any of this has caused him any actual harm. He also complains that in his "opinion" there is "sediment rust" in the water pipes which on a previous occasion caused him to vomit. Scott further laments that on his arrival at the jail he was placed in segregation for three weeks, and, despite the fact that he is a non-smoker, on his return to general population he was housed with a smoking inmate for fifteen days.

Finally, Scott complains that items he purchased from the commissary have been removed from his cell without following proper procedure. Specifically, he claims that two, $0.30 pens were removed from his cell.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).[1]

### A. Medical Claims

In order to state an Eighth Amendment claim of deliberate indifference, a prisoner must show that the defendants knew of and disregarded an objectively serious medical need or risk of harm; mere negligence in exposure to a health risk does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Although Scott laments the medical care and medication dispersal procedure at the jail, he admits that he receives his medication as needed and when he has complained of medical maladies he has been examined by medical staff. Further, Scott does not make any allegations which reasonably suggest he has not received his prescribed medicine nor that he has suffered any actual harm as a result of the alleged "recklessness" of the defendants in dispensing his medication, taking his vital signs, or in "rubbing his arm" to take blood without donning gloves. Accordingly, the I find that Scott has failed to state a claim of constitutional magnitude related to

---

[1] As a threshold matter, the Sussex State Prison is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Scott an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

the alleged inadequacies in the institutional medical procedures.

### B. Living Conditions

Likewise, Scott has failed to state a claim of constitutional magnitude related to his brief placement in the segregation unit and with a cell mate who smoked, for missing three meals, and for the alleged "sediment rust" contaminant. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Additionally, the plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While isolation and segregation conditions may be inconvenient and unfortunate, Scott has not alleged anything to suggest that these conditions violate contemporary standards of decency. Further, Scott concedes he was returned to the general population after only three weeks, and he has not demonstrated that because of his brief incarceration in the segregation unit

he has sustained a serious or significant injury or is at risk of a future injury. Likewise, Scott does not allege that he has suffered any deleterious effects as a result of the two instance in which his food tray was dropped on the floor nor due to missing one evening meal; thus, even assuming he missed three whole meals during his incarceration, this is insufficient to raise a claim. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(finding that mere allegations of insufficient food absent any suggestion of deleterious effects, fail to state a claim under the Eighth Amendment). Finally, Scott's claim that "sediment rust" cause him to vomit is purely conjectural. Furthermore, as occasional bouts of vomiting are normal occurrences in life and can be attributed to stress and minor illness, I find these allegations are insufficient to state a claim of serious injury.

Similarly, to state a claim of constitutional significance regarding prison conditions related to environmental tobacco smoke ("ETS"), a plaintiff must demonstrate that due to the exposure he has sustained a serious or significant mental or physical injury and that prison officials were deliberately indifferent to such health threats. Wilson v. Seiter, 501 U.S. 294 (1991). Furthermore, to prove an Eighth Amendment violation based on a serious risk of future harm related to exposure to ETS, a plaintiff must show that he was exposed to unreasonably high levels of ETS, that modern society will not tolerate any exposure to this risk, and that prison officials were deliberately indifferent to this risk. Helling, 509 U.S. at 35-36.

Although his fifteen day exposure to ETS may have been uncomfortable, Scott has not demonstrated that, because of those conditions, he sustained a serious or significant injury. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to ETS resulted in breathing problems, chest pains, dizziness,

5

sinus problems, headaches, and a loss of energy). In fact, Scott does not allege this exposure caused him any injury whatsoever.

Additionally, Scott has failed to allege facts which suggest that he is at risk of future harm related to his limited exposure to ETS. In Helling, the court found that a prisoner who had previously been celled with a "five-pack-a-day" smoker, was not subject to a serious risk of future harm related to any exposure to high levels of ETS while housed in that cell because his exposure was not prolonged. Id. at 36. Scott admits that was housed with a smoker for only fifteen days, and he does not allege his cell mate smoked more than five packs a day nor that he was exposed to similarly extreme level of ETS while housed with that inmate. Accordingly, I find that Scott cannot establish that he is at future risk of harm due to the limited amounts of ETS to which he has been exposed. See id.

### C. Missing Property

Scott also complains that institutional personnel have improperly removed his personal property from his cell. However, the intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Given that the conduct is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a prison grievance procedure or a state tort claim, suffices. Id. The state has established Division Operating Procedures and a grievance procedure of which Scott could avail himself for relief. Furthermore, other state law remedies, including the Virginia Tort Claims Act,

are available to Scott as a means to seek compensation for his alleged loss. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, inasmuch as Scott had adequate state remedies, I find that he has failed to state a cognizable constitutional claim regarding his lost or missing property.

## III.

Based on the foregoing, I find that Scott has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Scott is hereby advised that this dismissal constitutes a second "strike" pursuant to 28 U.S.C. §1915(g).[2]

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 6th day of July, 2006.

Senior United States District Judge

---

[2] See Scott v. Blue Ridge Regional Jail Authority, et al., Civil Action No. 7:05cv00281 (W.Va. Sep. 30, 2005).

7